IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| DISABILITY RIGHTS MARYLAND, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PRINCE GEORGE'S COUNTY PUBLIC )<br>SCHOOLS, *et al.*, )<br>)<br>    Defendants. )<br>) | Case No. 8:21-cv-03001-GJH<br>Judge George J. Hazel |

## JOINT STATUS REPORT

Plaintiff Disability Rights Maryland, Inc. ("DRM") and Defendants Prince George's County Public Schools ("PGCPS"), Dr. Monica Goldson, the Prince George's County Board of Education ("PGBOE"), and Dr. Juanita Miller (collectively "Defendants"), by undersigned counsel, submit this Joint Status Report in accordance with this Court's Order entered following the conclusion of the hearing on DRM's Motion for Preliminary Injunction conducted on February 25, 2022.  *See* ECF No. 29.

The Court, having denied DRM's Motion, directed the Parties to submit this Status Report "providing either an agreed upon schedule for discovery and summary judgment briefing or competing proposals to be resolved by the Court during a conference call on March 4, 2022 at 9am." *Id.*

As the Parties have been unable to reach agreement with respect to how to proceed, their competing proposals are set forth as follows:

I. **DRM'S PROPOSAL**

It is DRM's position that this case is ripe to proceed to summary judgment motions practice without such delay as would be occasioned by allowing time for discovery which, in its view, is wholly unnecessary to the proper resolution of this case as a matter of law.

Accordingly, DRM's proposal is that it prepare and file its Motion for Summary Judgment on or before Friday, March 18, 2022. Defendants' Opposition would be due on Friday, April 8. DRM's Reply would be due on Monday, April 18, and the Court will set the matter for hearing at the earliest date mutually convenient for the Court and the Parties thereafter. The caveat to all of this is that Fed. R. Civ. P. 56(d) expressly provides as follows:

> "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer consideration of the motion or deny it [without prejudice]; (2) allow time to obtain [opposing] affidavits or declarations or to take discovery; or (3) issue any other appropriate order." (Emphasis added.)

Under Rule 56(d), Defendants would suffer no prejudice by agreeing with the procedural approach DRM suggests, because if, upon review of DRM's Motion, Defendants believe that it raises one or more issues as to which a good-faith basis can be articulated for why discovery is needed and should be permitted, and the Court agrees, Defendants will have the same opportunity for discovery as they would if a period of time is set aside for discovery based on the premise – with which DRM disagrees – that discovery is presumptively necessary before the briefing schedule commences. However, under DRM's proposed approach, if either Defendants or the Court determine after reviewing DRM's Motion that no issue is presented therein that warrants discovery, time will be saved, the Parties' (and, potentially, the Court's) resources will be conserved, and the case – whatever the outcome – can be resolved much more expeditiously than is possible under Defendants' proposal, consistent with the Court's stated objective.

II.     **DEFENDANTS' PROPOSAL**

March 15 - Defendants to serve any interrogatories, requests for production of documents and/or requests for admission;

March 29 - DRM to serve its answers, responses or objections;

The later of April 12 or 15 days after any objections are resolved by the Court or by the Parties - Deposition of Robin C. Murphy to take place by video;

The later of May 12 or 30 days after the taking of Ms. Murphy's deposition – DRM to serve its Motion for Summary Judgment;

The later of June 13 or 30 days after service of DRM's Motion for Summary Judgment - Defendants to serve their Cross-Motion for Summary Judgment and Opposition to DRM's Motion for Summary Judgment;

The later of July 13 or 30 days after service of Defendants' Cross-Motion for Summary Judgment and Opposition to DRM's Motion for Summary Judgment – DRM to serve its Opposition to Defendants' Cross-Motion for Summary Judgment and Reply to Defendants' Opposition to DRM's Motion for Summary Judgment, and

The later of August 15 or 30 days after service of DRM's Opposition to Defendants' Cross-Motion for Summary Judgment and Reply to Defendants' Opposition to DRM's Motion for Summary Judgment - Defendants to serve their Reply to DRM's Opposition to Defendants' Cross-Motion for Summary Judgment.

## CONCLUSION

The Parties, by their respective counsel, look forward to discussing the merits of their proposals with the Court.

DATED:  March 3, 2022                             Respectfully submitted,

/s/
Luciene M. Parsley, Fed. Bar No. 27089
DISABILITY RIGHTS MARYLAND
1500 Union Ave.
Suite 2000
Baltimore, MD 21211
Telephone: (410) 727-6352, x2494
Facsimile: (410) 727.6389
LucieneP@DisabililtyRightsMD.org

/s/
Megan Berger, Fed. Bar No. 21705
(signed by Luciene Parsley with permission of Megan Berger)
DISABILITY RIGHTS MARYLAND
1500 Union Ave.
Suite 2000
Baltimore, MD 21211
Telephone: (410) 727-6352, x2504
Facsimile: (410) 727-6389
Megan.Berger@DisabilityRightsMD.org

and

/s/
Theodore A. Howard (admitted *pro hac vice*)
(signed by Luciene Parsley with permission of Theodore A. Howard)
WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
thoward@wiley.law

*Attorneys for Plaintiff Disability Rights Maryland*

/s/
Jeffrey A. Krew, LLC
(signed by Luciene Parsley with permission of Jeffrey A. Krew)
9713 Rugby Court, Suite 100
Ellicott City, Maryland 21042
410-733-6900

4

443-276-4079 (fax)

*Attorney for Defendants PGCPS, Prince George's County Board of Education, Dr. Monica Goldson, and Dr. Juanita Miller*

5