IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **DISABILITY RIGHTS MARYLAND,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-21-3001 |
| **PRINCE GEORGE'S COUNTY PUBLIC, SCHOOLS,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Disability Rights Maryland, Inc., brings this action pursuant to 42 U.S.C. § 1983 and relevant provisions of the Developmental Disabilities Assistance and Bill of Rights ("DD") Act of 2000, 42 U.S.C. § 15001 *et seq.*; the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. § 10801 *et seq.*; and the Protection and Advocacy for Individual Rights ("PAIR") Program of the Rehabilitation Act of 1973, 29 U.S.C. § 794e *et seq.* (collectively, the "P&A Acts"). ECF No. 1. Now pending before the Court is Prince George's County Board of Education's Motion to Strike, ECF No. 36, Prince George's County Public Schools' Motion to Dismiss, ECF No. 34, and assorted individual Defendants' Motion to Dismiss, ECF No. 35. A hearing on the Motions is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the Court will grant the motions to dismiss and deny the motion to strike.

I.     **BACKGROUND**

On November 23, 2021, Plaintiff Disability Rights Maryland brought this action for declaratory and injunctive relief against Defendants Prince George's County Public Schools ("PGCPS"); its Chief Executive Officer, Dr. Monica Goldson; and Dr. Juanita Miller, Sonya Williams, David Murray, Joshua Thomas, Pamela Boozer-Strother, Shayla Adams-Stafford, Raaheela Ahmed, Belinda Queen, Kenneth Harris II, Edward Burroughs III, Judy Mickens-Murray, D. Paul Montiero, Curtis Valentine, and Alvero Ceron-Ruiz, Members of the Prince George's County Board of Education ("PGBOE"). ECF No. 1 at 2. Plaintiff alleges that, under several provisions of the P&A Acts, Disability Rights Maryland is empowered to investigate whether public school systems are providing equal access to education to students with disabilities. *Id.* ¶¶ 1, 2. Plaintiff alleges that it has received complaints from PGCPS students with disabilities asserting that PGCPS has subjected them to exclusionary discipline and educational neglect. *Id.* Plaintiff alleges that Defendants have unlawfully refused to cooperate with Plaintiff's investigation into these practices. *Id.* ¶ 3.

Plaintiff filed a Motion for a Preliminary Injunction on November 23, 2021. ECF No. 7. Plaintiff requested an injunction ordering Defendants to produce the information that Plaintiff requested. *Id.* at 1. After a hearing, the Court denied the motion. ECF No. 29. The Court directed the parties to submit a joint status report or competing proposals setting out a schedule for discovery and summary judgment briefing. *Id.* The Court then adopted Plaintiff's proposed expedited briefing schedule. *See* ECF Nos. 30, 32. In this expedited schedule, the parties would move forward with summary judgment briefing, the caveat being that Defendants could move, under Federal Rule of Civil Procedure 56(d), for discovery if necessary. Pursuant to this schedule, Plaintiff filed the Motion for Summary Judgment on March 18, 2022. ECF No. 33. In

response, Defendants PGCPS and individual Defendants filed the Motions to Dismiss, ECF Nos. 34, 35, and Defendant PGBOE filed the Motion to Strike, ECF No. 36.

## II. MOTIONS TO DISMISS

Defendant PGCPS moves to dismiss itself from the suit because it does not exist as a separate entity to sue and be sued. ECF No. 34. Individual Defendants Sonya Williams, David Murray, Joshua Thomas, Pamela Boozer-Strother, Shayla Adams-Stafford, Raaheela Ahmed, Belinda Queen, Kenneth Harris II, Edward Burroughs III, Judy Mickens-Murray, D. Paul Montiero, Curtis Valentine, and Alvero Ceron-Ruiz, also move to dismiss themselves because they were never served. ECF No. 35. Defendants also request attorneys' fees and legal costs, arguing that Plaintiff acted in "bad faith" by suing these Defendants and by not dismissing the Defendants itself. ECF No. 34 ¶ 5; ECF No. 35 ¶ 11. Plaintiff does not oppose dismissal. *See* ECF No. 38. Thus, the Court dismisses these Defendants. However, because Defendants have not adequately explained how Plaintiff acted in "bad faith," the request for costs and attorneys' fees is denied.

## III. MOTION TO STRIKE

Defendant PGBOE has moved to strike the Declaration of Megan Berger. ECF No. 36.[1] The Declaration is attached as an exhibit in support of Plaintiff's Motion for Summary Judgment. *See* ECF No. 33-3 ("Berger Declaration"). Berger is an Assistant Managing Attorney at Disability Rights Maryland. *Id.* ¶ 1. Berger attests to background on Disability Rights Maryland, its receipt of complaints regarding Prince George's County Public Schools' practices, and the investigation of those complaints. *See id.* ¶¶ 2, 5, 10, 11.

---

[1] The Motion to Strike was filed by Defendants PGCPS; Monica Goldson, in her official capacity as chief executive officer of PGCPS; PGBOE; and Juanita Williams, in her official capacity as chair of PGBOE. ECF No. 36 at 1. For ease of reference and because the Court will dismiss Defendant PGCPS, the Court refers to the assorted Defendants in the analysis here as Defendant PGBOE.

Defendant first objects to the form of Berger's attestation to the truth of her statements. ECF No. 36 ¶ 5. Federal Rule of Civil Procedure 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Under 28 U.S.C. § 1746, a declaration made under penalty of perjury can satisfy the requirement for a sworn declaration. The statement must be "substantially" in the form of: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746.

"Courts have discretion when determining whether to strike an affidavit submitted in support of, or in opposition to, a summary judgment motion." *Barnett v. Perry*, No. 11-cv-122-CCB, 2011 WL 5825987, at *7 (D. Md. Nov. 16, 2011) (citing *Evans v. Technology Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996)). "Courts have discretion to allow declarations with subscriptions that are not in precise compliance with § 1746. In fact, the statute itself requires simply that verification be in 'substantially' the prescribed form." *Verrier v. Sebelius*, No. 09-cv-402-CCB, 2010 WL 1222740, at *3 (D. Md. Mar. 23, 2010) (internal citations omitted). "[A] motion to strike is inappropriate if personal knowledge and competence to testify are apparent." *McLaughlin v. Copeland*, 435 F. Supp. 513, 520 (D. Md. 1977).

In the Declaration, Berger "hereby affirm[s], under the penalties of perjury, that the above statements are true based upon my best personal knowledge and belief." ECF No. 33-3 at 4. Berger also explains her position at Disability Rights Maryland. *Id.* ¶¶ 1, 2. Additionally, she includes supporting documentation for some of the statements of fact made in the Declaration. *See* ECF Nos. 33-4, 33-5.

The Berger Declaration has the hallmarks of a proper declaration. Berger swore, under penalty of perjury, to the truth of statements in the Declaration. She also affirms that the statements were made "based upon my best personal knowledge and belief." ECF No. 33-3 at 4. Additionally, it is clear how Berger would be privy to these facts, as Berger works at Disability Rights Maryland and was involved in handling complaints related to this litigation. The Declaration therefore substantially complies with both Rule 56(c)(4) and Section 1746. *See, e.g.*, *Verrier*, 2010 WL 1222740, at *3 ("Here, all affiants signed under penalty of perjury that the statements they made were 'true and correct', and also indicated that they were made to the best of their personal knowledge and recollection. The inclusion of the phrase 'to the best' does not negate the fact that they signed the documents under penalty of perjury, which the court can reasonably infer means the affiants believed their statements to be true and correct and based on personal knowledge.").

Defendant PGBOE next argues that the Berger Declaration raises "ethical issues" because Berger is an attorney at Disability Rights Maryland and counsel in this case. ECF No. 36 ¶ 10. Defendant cites to the Maryland Rules of Professional Conduct to argue that Berger may not testify to contested facts in the dispute. *Id.*

The Court follows federal law as to the admissibility of evidence in a summary judgment motion. *Util. Control Corp. v. Prince William Const. Co.*, 558 F.2d 716, 720 (4th Cir. 1977). Many circuits have held that "[c]ounsel can be competent to provide an affidavit in support of a motion for summary judgment[.]" *Moore v. Fargo Police Dep't*, 297 F. App'x 569, 569 (8th Cir. 2008) (citing *Sitts v. United States*, 811 F.2d 736, 741–42 (2d Cir. 1987)). However, the affidavits must still comply with the rules of admissibility—particularly, the rule of personal knowledge. *See Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987). Thus, these

5

circuits will allow affidavits from counsel if the affidavits are based on personal knowledge and otherwise comport with admissibility rules.

     Berger is a managing attorney at Disability Rights Maryland. ECF No. 33-3 at 4. Prior to the litigation, Berger herself sent a request to Prince George's County Public Schools regarding the complaints made about their disciplinary practices. *See id.* ¶ 12. Berger also includes this letter, and the response to the letter, to support her statements. *See* ECF Nos. 33-4, 33-5. Berger is attesting to facts within her own personal knowledge. She is therefore competent to testify. *See, e.g.*, *Lockwood v. Wolf Corp.*, 629 F.2d 603, 611 (9th Cir. 1980) (counsel had knowledge of a transaction and thus could attest to facts about it); *Sitts v. United States*, 811 F.2d 736, 742 (2d Cir. 1987) (allowing an affidavit from counsel because "the material fact upon which . . . summary judgment motion was premised was a procedural fact that was within the personal knowledge of the attorney[.]").

     Finally, Defendant makes a general objection to the admissibility of the statements in the Berger Declaration: "The purported facts asserted in the Berger Declaration would not be admissible in evidence as they appear to consist of nothing more than conclusory hearsay statements[.]" ECF No. 36 ¶ 11. The Declaration is nearly four pages long and, on its face, does not appear to be comprised of only "conclusory hearsay statements." Moreover, a motion to strike must be precise. *See Perma Rsch. & Dev. Co. v. Singer Co.*, 410 F.2d 572, 579 (2d Cir. 1969) ("[T]he motion to strike must be precise. 'It should state specifically the portions of the affidavit to which objection is being made, and the grounds therefor.' (quoting 6 Moore, Federal Practice P56.22(1) at 2818 (2d ed. 1965)). Defendant has not argued with precision which statements are "conclusory hearsay."

Therefore, the Motion to Strike is denied. Defendant may make specific objections to the statements in the Berger Declaration in the response.[2]

## IV.  CONCLUSION

For the reasons discussed, the Motions to Dismiss are granted. The Motion to Strike is denied. Remaining Defendants PGBOE, Juanita Miller, and Monica Goldson shall respond to the Motion for Summary Judgment within 14 days. Plaintiff's reply will be due 10 days later. A separate Order follows.

Dated: July    21, 2022                                /s/_____
                                                       GEORGE J. HAZEL
                                                       United States District Judge

---

[2] Defendant also argues that it may need to seek discovery. *See* ECF No. 36 ¶ 10. As noted in the briefing schedule adopted by the Court, ECF No. 30 at 2, Defendant may move, pursuant to Federal Rule of Civil Procedure 56(d), for discovery. To justify its need for discovery, Defendant must "show[] by affidavit or declaration that, for *specified reasons*, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d) (emphasis added).