IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| **DISABILITY RIGHTS MARYLAND,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-21-3001 |
| **PRINCE GEORGE'S COUNTY PUBLIC SCHOOLS,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Disability Rights Maryland ("DRM") brings this civil action against Defendants Prince George's County Board of Education; Monica Goldson, in her official capacity as chief executive officer of the Prince George's County Public Schools ("PGCPS"); and Juanita Williams, in her official capacity as chair of the Prince George's County Board of Education (collectively, "the Defendants") pursuant to 42 U.S.C. § 1983 and relevant provisions of the Developmental Disabilities Assistance and Bill of Rights ("DD") Act, 42 U.S.C. § 15001 *et seq.*; the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. § 10801 *et seq.*; and the Protection and Advocacy for Individual Rights ("PAIR") Program of the Rehabilitation Act, 29 U.S.C. § 794e *et seq.* (collectively, the "P&A Acts"). ECF No. 1.

Pending now before the Court are (1) Defendants' Motion for Leave to Conduct Discovery Or, in the Alternative, That Plaintiff's Motion for Summary Judgment be Denied Pursuant to Federal Rules of Civil Procedure 56(d), ECF No. 46, and (2) Plaintiff's Motion for Leave to File Surreply Memorandum in Opposition to Defendants' Rule 56(d) Motion, ECF No. 50. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons,

Defendants' Rule 56(d) Motion is denied, and Plaintiff's Motion for Leave to File Surreply is denied.

**I.      BACKGROUND**

On November 23, 2021, Plaintiff DRM brought an action for declaratory and injunctive relief against the Defendants. ECF No. 1 at 2.[1] Plaintiff is a protection and advocacy ("P&A") system, empowered by the P&A Acts to investigate whether public school systems are providing equal access to education to students with disabilities. *Id.* ¶¶ 1–2. Pursuant to its investigatory powers, Plaintiff sought to obtain from PGCPS the names and contact information for the parents or legal guardians of students eligible for special education who have been subject to purported exclusionary discipline and educational neglect. *Id.* ¶ 3. Plaintiff alleges that Defendants unlawfully refused to provide Plaintiff with the requested information. ECF No. 1 ¶¶ 3–4.

Plaintiff filed a Motion for a Preliminary Injunction on November 23, 2021, requesting that Defendants be ordered to produce the contact information. ECF No. 7. After a hearing, the Court denied the motion, and directed the parties to submit a joint status report or competing proposals setting out a schedule for discovery and summary judgment briefing. ECF No. 29. Under the expedited schedule approved by the Court, the parties would move forward with summary judgment briefing, and Defendants could move, pursuant to Rule 56(d), for discovery if necessary. *See* ECF No. 30; ECF No. 32.

On March 18, 2022, Plaintiff submitted a Motion for Summary Judgment. ECF No. 33. Along with the Motion, Plaintiff attached the Declaration of Megan Berger, a DRM attorney, which outlined DRM's basis for requesting the contact information from Defendants and its efforts to obtain the information to date. ECF No. 33-3. On April 1, 2022, Defendants moved to

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

strike the Berger Declaration. ECF No. 36. On April 18, 2022, Plaintiff filed a reply brief to the Motion for Summary Judgment, noting that Defendants had not yet responded on the merits. ECF No. 40. On July 21, 2022, the Court denied Defendants' Motion to Strike.[2] ECF No. 42; ECF No. 43.

Subsequently, on August 11, 2022, Defendants filed a Motion for Leave to Conduct Discovery, or, in the Alternative, that Plaintiff's Motion for Summary Judgment be Denied Pursuant to Federal Rules of Civil Procedure 56(d). ECF No. 46. Plaintiff responded, and Defendants replied. ECF No. 48; ECF No. 49. On September 13, 2022, Plaintiff submitted a Motion for Leave to File Surreply Memorandum in Opposition to Defendants' Rule 56(d) Motion, which Defendants opposed. ECF No. 50; ECF No. 51.

## II. DISCUSSION

### A. Federal P&A Acts

The DD Act provides that each state designate a P&A system "to protect the legal and human rights of individuals with developmental disabilities." *See* 42 U.S.C. § 15041. DRM is a P&A system designated by the state of Maryland. ECF No. 48 at 4. PAIMI likewise ensures that "the rights of individuals with mental illness are protected." *See* 42 U.S.C § 10801. Under PAIR, these same protections apply to individuals with disabilities not covered under either the DD Act or PAIMI. 29 U.S.C. § 794e(a)(1). Together, these federal statutes "establish separate but largely parallel regimes to serve particular populations of people with disabilities." *Disability Rts. Wisconsin, Inc. v. State of Wisconsin Dep't of Pub. Instruction*, 463 F.3d 719, 724 (7th Cir. 2006).

---

[2] The Court at this time also granted the dismissal of several named defendants: PGCPS, because it is not a separate entity that could sue or be sued, and certain named individual defendants who were not served. *See* ECF No. 42.

Generally, P&As are empowered to "investigate incidents of abuse and neglect of individuals" with developmental disabilities and/or mental illness; "pursue administrative, legal, and other appropriate remedies" to ensure the protection of individuals with developmental disabilities and/or mental illness; and "have access to all records" of individuals with developmental disabilities and/or mental illness under certain circumstances. 42 U.S.C. § 15043; § 10805.

### B. Rule 56(d) Motion

Defendants argue that DRM is required to show probable cause to obtain the information it seeks. ECF No. 46 at 9. Defendants assert that they need discovery before the Motion for Summary Judgment can be decided, so that they can evaluate whether DRM has established probable cause, and thus whether the request for contact information is appropriate. *Id*. Plaintiff contends that a showing of probable cause is not required to obtain the relief they seek and that, as a matter of law, they are entitled to relief, making discovery unnecessary for resolution of the motion. ECF No. 48 at 6–7.

#### 1. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). In general, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011) (citation omitted). While the Court may rule on a motion for summary judgment prior to commencement of discovery, *see, e.g., Demery v. Extebank Deferred Comp.*

*Plan (B)*, 216 F.3d 283, 286 (2d Cir. 2000), Federal Rule of Civil Procedure 56(d) "mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (citation and internal quotation marks omitted).

A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Gordon v. CIGNA Corp.*, 890 F.3d 463, 478 (4th Cir. 2018). The movant must do more than "merely parrot the potential benefits" of any discovery, and must "identify … specific evidence that [the movant] might discover … [and] explain how that evidence would create a triable issue" of fact that would survive summary judgment. *Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243, 250–51 (4th Cir. 2018). However, a court "should hesitate before denying a Rule 56(d) motion when the nonmovant seeks necessary information possessed only by the movant." *Pisano*, 743 F.3d at 931.

    2. Analysis

Defendants' Rule 56(d) Motion must be considered in the context of the P&A Acts. Although Defendants note that, in some instances, courts have permitted discovery in records-access cases, it does not necessarily follow that the defendants in such cases are entitled to discovery as a matter of course. The inquiry into probable cause—should the Court find that probable cause is required here—rests primarily with a P&A system, such as Plaintiff. "It is well-settled that a P&A system is the 'final arbiter of probable cause for the purpose of triggering its authority to access all records for an individual that may have been subject to abuse or neglect.'" *Disability Rts. Ohio v. Buckeye Ranch, Inc.*, 375 F. Supp. 3d 873, 883 (S.D. Ohio

2019) (quoting *Arizona Center for Disability Law v. Allen*, 197 F.R.D. 689, 693 (D. Ariz. 2000)) (collecting cases). "Neither the P & A laws nor the regulations promulgated thereunder contemplate that the state or a service provider will reevaluate the P & A's determination of probable cause and deny access to the P & A because the state or service provider disagrees that probable cause exists." *Arizona Center for Disability Law*, 197 F.R.D. at 693. Thus, while any determination of probable cause may remain "subject to judicial review," *Charlotte-Mecklenburg Bd. of Educ. v. Disability Rts. of N. Carolina*, 430 F. Supp. 3d 74, 82 (W.D.N.C. 2019), that does not necessarily imply the need for intensive discovery. A "P & A's determination of probable cause [is] dependent on its own monitoring, and not those of other state agencies," *Prot. & Advoc. For Persons With Disabilities v. Armstrong*, 266 F. Supp. 2d 303, 321 (D. Conn. 2003).

In light of these considerations, the Court finds that Defendants have not identified specific evidence that would create a triable issue of fact, and thus, discovery is not warranted at this time.

### C. Leave to File Surreply

Following briefing on Defendants' Rule 56(d) Motion, Plaintiff filed a Motion for Leave to File Surreply Memorandum in Opposition to Defendants' Rule 56(d) Motion. ECF No. 50. Pursuant to Maryland local rules, "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Loc. R. 105.2(a). Accordingly, the filing of a surreply is "within the Court's discretion," albeit "generally disfavored." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015).

A "party moving for leave to file a surreply must show a need for a surreply." *MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. RDB-12-02109, 2013 WL 1224484, at *6 (D.

Md. Mar. 26, 2013) (citation and internal quotation marks omitted). "A court may permit a plaintiff to file a surreply if a defendant raises new legal issues or new theories in its reply brief." *Nicholson v. Volkswagen Grp. of Am., Inc.*, No. RDB-13-3711, 2015 WL 1565442, at *3 (D. Md. Apr. 7, 2015). "A surreply is not generally permitted where the reply is merely responsive to an issue raised in the opposition." *Magness v. Harford Cnty.*, No. CV ELH-16-2970, 2018 WL 1505792, at *16 (D. Md. Mar. 27, 2018).

Here, Plaintiff argues that a surreply is appropriate because Defendants' Reply Brief contains arguments that "may have a tendency to distract and/or mislead the Court." ECF No. 50 at 1. However, the Court does not find that Defendants' Reply Brief introduces any new facts, legal issues, or theories. *See* ECF No. 49. Plaintiff has not sufficiently demonstrated that a surreply is necessary, and thus, the Motion is denied.

### III.   CONCLUSION

For the foregoing reasons, Defendant's Rule 56(d) Motion, ECF No. 46, is denied, and Plaintiff's Motion for Leave to File Surreply, ECF No. 50, is denied. Defendant shall file an Opposition to Plaintiff's Motion for Summary Judgment within 21 days of this Order. A separate Order follows.

Date: <u>December 28, 2022</u>     ____/s/_____
                                     GEORGE J. HAZEL
                                     United States District Judge